IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00051-REB-CBS

VINCENT GABRIEL,

        Plaintiff,

v.

EMERGENCY MEDICAL SPECIALISTS, PC, and
LAURENCE J. COHEN,

        Defendants.

---

## ORDER

---

Magistrate Judge Shaffer

      This matter comes before the court on Plaintiff's Motion (Doc. 18), which asks this court to "enforce" default judgment, and also asks this court to strike the Defendants' Motions (Docs. 16 & 17) to Dismiss. Pursuant to the Order of Reference dated March 4, 2016, this matter was referred to the Magistrate Judge. (*See* Doc. 19). This court has carefully considered the Motion and related briefing, as well as the entire case file. For the following reasons, the court DENIES Plaintiff's Motion.

      Although it is exceedingly difficult to follow, Plaintiff's Motion seems to imply that default or default judgment has been entered in this case. That is incorrect. The Clerk of Court has not entered a default, and this court has not entered judgment against the Defendants. Thus, there is nothing yet to enforce. To the extent that Plaintiff seeks the entry of Default Judgment, that request must also be denied for two reasons. First, the Federal Rules of Civil Procedure contemplate a two-step process for a party who seeks a default judgment in his favor. Fed. R.

Civ. P. 55. The party must initially seek an entry of default from the Clerk of Court under Rule 55(a). Then, after default has been entered by the Clerk, the party must seek judgment according to the strictures of Rule 55(b). Plaintiff did not follow this procedure; thus, his request is improper.

Second, and perhaps most importantly, Defendants have entered an appearance and are "otherwise defending" this action.[1] It is well settled in this jurisdiction that, "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 203) (citation omitted). It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id*. at 733. Here, the Defendant have filed responses to Plaintiff's complaint in the form of Motions to Dismiss; thus, the court cannot say that the Defendants are unresponsive parties, that the adversary process has been halted, or that Plaintiff faces an interminable delay because of Defendants actions. Rather, because Defendants have manifested an intent to defend themselves, and because the court has a strong preference for resolving cases on their merits rather than by procedural default, the court finds no considerations that would justify a default judgment.

For these reasons, the court DENIES Plaintiff's (Doc. 18) request for enforce default judgment against the Defendants. For these same reasons — and because Plaintiff has offered no

---

[1] There is a dispute about the date of service in this matter. However, even if the court accepts Plaintiff's proposition that the Defendants filed their responses a day late, Plaintiff has not established any prejudice as a result of this single-day delay. In addition, the court notes that Plaintiff continues to reference and rely upon the alleged service in the El Paso County civil action. To the extent that Plaintiff is under the impression that he has "removed" this case to federal court, the court must disabuse him of that notion. Neither 28 U.S.C. §§ 1441 or 1446 provides a Plaintiff with the right of removal. Rather, Plaintiff has initiated a wholly separate federal civil action, and service in the state court case is not relevant here.

other justification for doing so — the court also DENIES Plaintiff's request to strike the Defendants' Motions (Docs. 16 & 17) to Dismiss.

IT IS FURTHER ORDERED that Plaintiff shall file his substantive responses, if any, to the Motions to Dismiss (Docs. 16 & 17)[2] on or before May 20, 2016. Plaintiff is reminded that D.C.Colo.LCivR 7.1(d) expressly provides the court discretion to rule on a motion "at any time after it is filed." Should Plaintiff choose not to file any responses, this court will, nevertheless, take the Motions under consideration and issue its recommendations accordingly.

DATED at Denver, Colorado, this 19th day of April, 2016.

BY THE COURT:

*s/Craig B. Shaffer*_____
United States Magistrate Judge

---

[2] These Motions were referred to the Magistrate Judge by Order of Reference dated March 4, 2016. (Doc. 19).