**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 16-cv-00051-REB-CBS

VINCENT GABRIEL,

    Plaintiff,

v.

EMERGENCY MEDICAL SPECIALISTS, PC, and
LAURENCE J. COHEN,

    Defendants.

---

**ORDER**

---

**Blackburn, J.**

The matter before me is plaintiff's **1) Objection to Order [Doc #31], 2) Motion
for Reconsideration of Entry of Default and Default Judgment, [Dispositive
Motion, Doc #18] and 3) Motion To Voluntarily Dismiss Remaining Causes of
Action, Doc #12 Without Prejudice, 4) Preservation of [Doc #14] [Doc #18] and
[Doc #27] Motion To Produce, Motion To Enforce and Motion To Strike** [#32],[1] filed
May 1, 2016.  To the extent this filing constitutes an objection to the non-dispositive
order of the magistrate judge, I overrule the objection.  I deny plaintiff's other requests
for relief as further specified herein.

Because plaintiff is proceeding *pro se*, I continue to review his filings more
liberally than pleadings or papers filed by attorneys.  ***See, e.g., Erickson v. Pardus***,

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Haines v. Kerner,*

404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Andrews v. Heaton*,

483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).  Nevertheless, I note initially that in conflating his objection to the order of the

magistrate judge with other requests for substantive relief, plaintiff's submission

contravenes the local civil rules of this district court.  *See* **D.C.COLO.LCivR** 7.1(d) ("A

motion shall be filed as a separate document.").  Accordingly, plaintiff's request to

voluntarily dismiss various causes of action is procedurally improper and denied without

prejudice on that basis.

As for plaintiff's ostensible "preservation" of other issues, matters already of

record are more than adequately preserved once they have been submitted to the court

for determination.[2]  Plaintiff's continued reiteration of these same issues is not only

inefficient, confusing, and unhelpful – it borders on abusive.[3]  Once plaintiff has lodged

---

[2]  For example, document [#14] is plaintiff's motion for discovery.  Plaintiff already filed an objection [#28] to the magistrate judge's order ([#25], filed March 8, 2016) denying that motion as premature.  Document [#27] is plaintiff's motion to strike certain responses filed by defendants.  The motion has not been ruled on as yet.  Document [#18], of course, is the motion which is the subject of plaintiff's cognizable objection herein.

[3]  The court draws on its past experiences with plaintiff, who has exhibited similar proclivities to excess in the two other cases he currently is prosecuting before this court.  As I advised plaintiff not six months ago in *Gabriel v. El Paso County Criminal Justice Center et al.*, Civil Action No. 15-cv-01491-REB-CBS:

> It is inappropriate for plaintiff to continue to flood the docket in this case with redundant motions without seeking to withdraw the prior motion or giving any indication as to why amendment was thought necessary.  I have warned plaintiff in the very recent past that I will "consider revoking his ability to use the [CM/ECF] system if there continue to be multiple, redundant filings and irregularities in the docketing of submissions." (**Minute Order** at 2 n.3 [#76], filed October 29, 2015.) This pattern is disruptive at best.  At this point, it verges on contumacious and abusive.  The court has inherent authority to curb abusive litigation procedures, regardless whether done from malice or ignorance.  Plaintiff's pro se status does not absolve him of the responsibility for complying with the

an objection to a particular ruling of the court, he has preserved his arguments for any future appeal.  There is no need to continue to reassert them with each subsequent filing, especially when the court has not had opportunity to rule on the request for relief.

The court is neither required nor inclined to let this pattern continued unremarked or unabated.  Plaintiff thus is advised yet again that I will consider sanctions, including revoking his privilege to file documents electronically using the court's CM/ECF system, if he persists in littering the docket with redundant, unnecessary motions, objections, "preservations," and similar filings.  Moreover, if plaintiff proves unable to comply with this directive and abide by the rules that pertain to all litigants in federal court, or if the court perceives further abusive use legal process, it will consider further sanctions as well, including contempt of court or dismissal with prejudice.

Pivoting to plaintiff's objections to the magistrate judge's **Order** [#31], filed April 19, 2016, (and the putative "motion for reconsideration" which essentially reiterates the same request for relief), these objections pertain to non-dispositive matters that were referred to the magistrate judge for resolution.  Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law.

Having reviewed the apposite order and the motion which it addressed ([#18], filed March 4, 2016), I find and conclude that the magistrate judge's order is not clearly

---

rules and procedures of this court as he litigates his claims.

I therefore again specifically advise and warn plaintiff to cease filing multiple, redundant motions or risk loss of his electronic filing privileges and possible further sanctions from this court.

(**Order Denying Second Amended Motion To Reconsider [ECF Doc 84] Granting Defendant Cooper's Motion for Extension To File Out of Time** at 2 [#91], filed November 13, 2015.)

erroneous or contrary to law.  As the magistrate judge appropriately found, defendants

have not failed to answer or otherwise defend in this lawsuit.  The Federal Rules of Civil

Procedure provide that a "responsive pleading" is due within 21 days of service of the

summons and complaint, **FED. R. CIV. P.** 12(a)(1)(A), to which three days are added

pursuant to Fed. R. Civ. P. 6(d).  If a party intends to assert one of the defenses

enumerated in Rule 12(b), if must file a motion asserting such defenses before

pleading.  **FED. R. CIV. P.** 12(b).  Defendants appear to have been served on February

10, 2016 (*see* [#12], Exh. 5), making a responsive pleading due March 5 (i.e., 24 days

later).  Defendants' motions to dismiss, filed March 3, 2016 [##16 & 17], thus were

timely.[4]  Plaintiff's motion for default judgment in this case was properly denied.[5]

     **THEREFORE, IT IS ORDERED** that plaintiff's **1) Objection to Order [Doc #31],**

**2) Motion for Reconsideration of Entry of Default and Default Judgment,**

**[Dispositive Motion, Doc #18] and 3) Motion To Voluntarily Dismiss Remaining**

**Causes of Action, Doc #12 Without Prejudice, 4) Preservation of [Doc #14] [Doc**

**#18] and [Doc #27] Motion To Produce, Motion To Enforce and Motion To Strike**

[#32], filed May 1, 2016, is overruled in part, denied in part, and denied as moot in part,

as follows:

---

[4]  Moreover, I concur with the magistrate judge that even if defendants' motions were filed one day late, there is no conceivable way in which plaintiff could justifiably claim to have been prejudiced by such a trivial delay.

[5]  To the extent plaintiff is claiming that defendants defaulted in a state court lawsuit he filed against them in 2015 in El Paso County, Colorado, defendants' alleged failure in that lawsuit to answer *vel non* is an issue distinct from the question whether they have defaulted in this lawsuit.  As the magistrate judge aptly noted, plaintiff had no right to and did not in fact "remove" his state court lawsuit to this federal court, but instead initiated an entirely new action.  (**See Order** at 2 n.1 [#31], filed April 19, 2016.)  Defendants plainly have not defaulted in *this* federal lawsuit, which was the basis for the magistrate judge's ruling.

I will address plaintiff's request to require the state court to enter a default judgment against defendants by separate order.

1.  That to the extent plaintiff objects to the magistrate judge's **Order** [#31], filed

April 19, 2016, such objection is overruled;

2.  That to the extent plaintiff moves to voluntarily dismiss certain of his claims,

the motion is denied without prejudice; and

3.  That to the extent plaintiff seeks to "preserve" any previously lodged objection

or request for relief, the motion is denied as moot.[6]

Dated May 3, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[6] Plaintiff is reminded that, pursuant to the magistrate judge's order, his substantive responses to the currently pending motions to dismiss remain due on or before May 20, 2016.