**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 16-cv-00051-REB-CBS

VINCENT GABRIEL,

    Plaintiff,

v.

EMERGENCY MEDICAL SPECIALISTS, PC, and
LAURENCE J. COHEN,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE DEFAULT JUDGMENT**

**Blackburn, J.**

The matter before me is plaintiff's motion entitled **Motion To Enforce Default Judgment as the Proper Dispositive Measure for this Case and To Seek Further Directives from the Court Pursuant to 636(b)(1)(B)** [#33],[1] filed May 1, 2016, but docketed by plaintiff as a **Motion for Reconsideration Re: #12 Status Report**. Considered under either designation, I deny the motion.

Because plaintiff is proceeding *pro se*, I continue to construe his pleadings and papers more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  Nevertheless, to describe plaintiff's motion as difficult to track would be an understatement.  The difficulty of teasing out the substantive basis for the motion is compounded by the fact that plaintiff refers therein to exhibits that are not appended to the motion.[2]

Nevertheless, it appears plaintiff asks the court to compel an El Paso County, Colorado, state district court to enter a default judgment in a case which plaintiff has filed against defendants in that court.[3]  Essentially, this is a request for a writ of mandamus.  **See Marathon Oil Co. v. Lujan**, 937 F.2d 498, 500 (10th Cir. 1991) ("Mandamus relief is an appropriate remedy to compel an administrative agency to act where it has failed to perform a nondiscretionary, ministerial duty.").  The court most emphatically lacks any authority to enter such directive to a Colorado state judicial officer, however.

The federal mandamus statute gives the court "original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff."  28 U.S.C. § 1361 (emphasis added).  Because the state district court judge is not "an officer or employee of the United States or any agency thereof," the court is without jurisdiction to issue a writ of mandamus compelling her to act.  **Knox v. Bland**, 632 F.3d 1290, 1292 (10th Cir. 2011) (federal court has "no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties'") (citation omitted).

---

[2] Although exhibits were appended to the "Status Report" docketed at #12 on February 10, 2016, they do not correspond to the substance referred to in the instant motion.

[3] With respect to this federal case, plaintiff has been advised that default judgment will not be entered, as defendants have filed a responsive pleading and are otherwise actively defending this action. (**See** Order [#36], filed May 3, 2016 (overruling, *inter alia*, plaintiff's objections to the magistrate judge's **Order** [#31], filed April 19, 2016).)

3

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion To Enforce Default Judgment as the Proper Dispositive Measure for this Case and To Seek Further Directives from the Court Pursuant to 636(b)(1)(B)** [#33], filed May 1, 2016, is denied.

Dated May 4, 2016, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge